HARRY L. COOPER, EXECUTOR OF THE LAST WILL AND TESTAMENT OF ENOCH HAYES, DECEASED *vs.* MARY ANN SYKES.

*Will—Construction—Charge on property.*

Where a testator charged two pieces of property, devised to two persons respectively, with the payment of debts in equal proportions, he intended that each should bear one-half of the debts, and did not intend that an apportionment should be made according to the value of each piece.

*Decided September 4, 1885.*

THIS is an action brought by the executor in this court, to sell the real estate in the petition described for the payment of debts. It is claimed in the petition, that Enoch Hayes died seized in fee simple of the real estate in the petition described, subject to the life estate of his mother, Mary Ann Sykes; and that it is necessary to sell the same for the payment of the debts of said decedent.

To this petition Mary Ann Sykes files an answer and cross petition setting forth in substance, that she is the mother of said decedent, and that said Enoch Hayes was the owner in fee simple of a large tract

of land in Dearborn County, Indiana; that he left a last will and testament; that by said will he devised the property situated in Hamilton County, Ohio, to her, and the property in Dearborn County, Indiana, to his wife, Anna Hayes, who has since intermarried with Samuel W. Cooper. Said will contained the following provision, (being item four of said will.)

" I will and devise that upon a final settlement with the executors of my father's will, that all moneys in their hands, belonging to me, be promptly paid to my executor hereinafter named, for the purpose of liquidating all just and legal debts against my estate and the residue of said moneys, if any there be, shall be equally divided between my beloved wife, Anna, and beloved mother, Mary Ann. I will that in case there is not money enough in the hands of the executors of father's will to pay all my just debts, I then desire that the property herein devised to my wife, Anna, and to my mother, Mary Ann Sykes, shall be held liable in equal proportions to pay the same, and to this end I make a charge upon my estate, so devised to perform the same."

It is further claimed that according to the provisions of said will, the property in Dearborn County, Indiana, is equally liable for the payment of the debts of said decedent; that an attempt is being made to sell all the property devised to Mary Ann Sykes, and in that way subject said property to the payment of said

debts and thereby compel said Mary Ann Sykes to contribute to the payment of all of the debts, contrary to the true intent and meaning of said will and intention of said testator.

*H. L. Cooper*, for plaintiff.

*N. E. Jordan, contra.*

GOEBEL, J.

In the absence of any provisions contained in a will, the court would be compelled to follow the statute prescribing the mode of proceeding in such cases. But in this case, the testator having directed that the property shall be held liable in equal proportions for the payment of the debts, and to that end having made a charge upon the property for their payment, the court is bound to follow under section 5974, Rev. Stat., the request of the testator.

The only question therefore, which presents itself is, what proportion shall each of the pieces of property bear to the payment of the debts. Upon the one hand it is claimed that an equal proportion would be one-half of the debts to be charged upon each of the properties ; upon the other hand it is claimed that the apportionment should be made according to their respective values.

Without determining whether this court would have jurisdiction to construe a will, it is evident that this will needs no construction. The intention of the

testator must be gathered from the whole will. When he said that the moneys in the hands of his father's executors shall be equally divided between his wife and his mother, he intended that each should receive one-half, and when, in the same item, he charges the property devised to his wife and to his mother for the payment of the debts in equal proportion, he intended that each should bear one-half of the debts, and did not intend apportionments should be made according to the value of the properties.

I therefore hold that the property in Hamilton County, Ohio, is liable for the payment of one-half of the debts of said decedent; and order that this case be referred to a referee, to ascertain the amount of the entire indebtedness of said estate; that when said referee has ascertained said amount, said Mary Ann Sykes may within five days from such finding, give a bond to the executor with sureties to be approved by this court, with condition to pay one-half of the debts, to be found due from the estate, with the charges ot administering the same. Upon compliance with this order this petition shall be dismissed. Otherwise an order of sale will be granted and the property ordered to be sold.